UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE ROE SR 3,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>　　　　　Defendants. | Case No.   24-cv-07119-EJD<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: ECF No. 11 |

This case involves various state law claims by Plaintiff against the Church of Jesus Christ of Latter-Day Saints (the "Church"), the Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("Temple Corporation"), the Morgan Hill California Stake ("Morgan Hill Stake), and Does 4 to 100 for sexual abuse Plaintiff suffered as a minor. The case was originally filed in Santa Clara Superior Court on September 4, 2024. ECF No. 1. Defendants removed the case to this Court on October 11, 2024, based on diversity jurisdiction because the only California-based Defendant, the Morgan Hill Stake, was purportedly fraudulently joined and should be disregarded for removal jurisdiction. *Id.*

Before the Court is Plaintiff's motion to remand. ECF No. 11 ("Mot." or "Motion"). The Motion is fully briefed, and the Court has received two statements of recent decisions, along with a supplemental brief from both sides addressing the recent decisions. Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's Motion is DENIED.

Case No.: 24-cv-07119-EJD
ORDER DENYING MOTION FOR REMAND

## I. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7–8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. A federal court has jurisdiction where the case concerns an issue of federal law or there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

## II. ANALYSIS

Defendants removed this action based on diversity jurisdiction because the only non-diverse Defendant, the Morgan Hill Stake, is not a legal entity that can be sued.[1] Rather, they argue it is merely a division of the Church, which itself is incorporated and based in Utah.

---

[1] Plaintiff makes much about Defendants' burden in asserting fraudulent joinder. *See* Mot. 7, 9. But the threshold issue is whether the Morgan Hill Stake is an independent entity capable of being sued—fraudulently or not.

Case No.: 24-cv-07119-EJD
ORDER DENYING MOTION FOR REMAND
2

Opp. 12–16. Much like an unincorporated division (for example, an HR department) of a corporation is not a separate entity, Defendants argue that the Morgan Hill Stake similarly lacks any legal existence apart from the Church. In support, Defendants rely on the declaration of Branden Wilson, the Director of Risk Management for the Church. Wilson Decl. ¶ 1, ECF No. 22-1. Mr. Wilson explains that, in the Church's organizational structure, a "stake" is an "ecclesiastical subunit" of the Church. *Id.* ¶ 8. Each stake is led by a local volunteer clergyman called a "stake president" selected by more senior Church leaders. *Id.* ¶ 9. Stakes, including the Morgan Hill Stake, are funded by the Church. *Id.* ¶ 21.

Without Morgan Hill Stake as a separate entity, complete diversity exists, and federal jurisdiction based on diversity is proper.[2] Put differently, whether complete diversity exists depends on whether Morgan Hill Stake is an independent entity for jurisdictional purposes. The Court concludes that it is not.

In *Breitman*, the Ninth Circuit adopted the Sixth Circuit's rule that "[a] division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (quoting *Schwartz v. Electronic Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir. 1990)) (recognizing that "the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction."). Courts in this circuit have consistently applied this rule to disregard divisions of corporations for jurisdictional purposes. *See, e.g.*, *Sanfilippo v. Match Grp. LLC*, No. 20-55819, 2021 WL 4440337, at *1 (9th Cir. Sept. 28, 2021) (district court did not err by considering only Match Group, LLC's citizenship when assessing Tinder's jurisdiction where "Tinder continues to exist solely as an unincorporated division of Match Group, LLC"); *Rockymore v. Eurofins Donor & Prod. Testing, Inc.*, No. 22-

---

[2] The parties agree that Plaintiff is a California resident, and both the Church and the Temple Corporation are Utah residents. Compl. ¶¶ 3, 5, 6. Plaintiff does not dispute that the amount in controversy exceeds $75,000. And "the removal statute obligates the Court to disregard [Doe Defendants'] citizenship." *Jane Roe KL 66 v. Doe 1*, No. 24-CV-07661-AMO, 2024 WL 5264039, at *1 (N.D. Cal. Dec. 31, 2024) (citations omitted) ("*Jane Roe KL 66*").

Case No.: 24-cv-07119-EJD
ORDER DENYING MOTION FOR REMAND
3

CV-00176-WHO, 2022 WL 1188859, at *4 (N.D. Cal. Apr. 20, 2022) (denying remand and rejecting attempt to rely on citizenship of several business divisions of other named corporate defendant where defendants successfully established the disputed "entities are simply unincorporated divisions of the other entities"); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) (defendant Raytheon Space and Airborne Systems, an unincorporated business division of Raytheon Company, was "not an independent entity" and whose citizenship was therefore "based on Raytheon Company").

This rule has also been applied in the context of local congregations of churches, including "stakes" of the Church like the Morgan Hill Stake at issue here. In both *John Roe AJ 1 v. The Church of Jesus Christ of Latter-Day Saints, et. al.*, No. 24-cv-02990-DC-CSK, 2025 WL 85759 (E.D. Cal. Jan. 14, 2025) ("*Roe AJ 1*") and *Roe JW 142 v. The Church of Jesus Christ of Latter-Day Saints, et. al.*, No. 24-cv-2150-KKSP, 2024 WL 5182415 (C.D. Cal. Dec. 20, 2024) ("*Roe JW 142*"), the court denied motions to remand and determined that a stake is not an independent entity with legal status. *Roe JW 142* accepted the Church's submitted evidence and concluded that the stake, which was "part of defendant LDS' network of churches and is subject to defendant LDS' control," was "not an independent entity for jurisdictional purposes." *Roe JW 142*, 2024 WL 5182415, at *2 (relying on *Breitman*). And *Roe AJ 1* similarly concluded that the religious stake at issue in that case was not an independent entity for jurisdictional purposes because defendants had "shown that Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship and is a citizen of Utah for the purposes of diversity jurisdiction." *Roe AJ 1*, 2025 WL 85759, at *3 (relying on *Breitman*).

Here, as in *Roe JW 142* and *Roe AJ 1*, Defendants have met their burden to establish that the Morgan Hill Stake is not an independent entity for jurisdictional purposes. The Church is a 501(c)(3) nonprofit corporation that conducts the Church's affairs in the secular world. Wilson Decl. ¶ 12; *see also* Ex. B, Articles of Incorporation ("Any claim arising from the activities of the Church or its agents that might be asserted against the Church shall instead pertain solely to the corporation."). The Morgan Hill Stake is an ecclesiastical unit of the Church which

Case No.: 24-cv-07119-EJD
ORDER DENYING MOTION FOR REMAND
4

operates according to the policies and procedures in the General Handbook of the Church. *Id.* ¶¶ 15, 18. It is not separately incorporated, it is not registered to do business anywhere, it does not own property, and it is funded by the Church. *Id.* ¶¶ 15, 20, 21. The Stake is, put simply, a part of the corporation of the Church that is not an independent entity for jurisdictional purposes. Thus, the Court looks to the Church's place of citizenship, Utah, to assess diversity jurisdiction. *See* Compl. ¶ 6. Complete diversity exists, and removal was appropriate.

Plaintiffs argue this Court should instead follow *Jane Roe KL 66*. There, the court granted remand when faced with similar factual circumstances. After considering the Church's evidence that the stake involved was merely a subpart of the Church, the court was nevertheless unconvinced that the stake was not a separate legal entity, citing *Church Mutual*. In *Church Mutual*, the California Court of Appeal evaluated whether a local congregation of the hierarchical Church of God—Mountain Lakes—was considered "an unincorporated religious association" such that the group would be recognized as a legal entity for purposes of an insurance dispute. *Church Mut. Ins. Co., S.I. v. GuideOne Specialty Mut. Ins. Co.*, 72 Cal. App. 5th 1042, 1059 (2021), *as modified on denial of reh'g* (Jan. 11, 2022). The court ultimately affirmed the trial court's determination that Mountain Lakes was a separate legal entity from the broader church. In so holding, *Church Mutual* observed that Mountain Lakes was given authority to purchase—and did purchase—the church property at issue in the case, and Mountain Lakes disaffiliated from the Church before the insurance dispute arose. *Id.* at 1063. By contrast, the record before the Court shows that the Morgan Hill Stake does not own property[3], does not have insurance, and has not

---

[3] This fact distinguishes the Morgan Hill Stake from the "the Corporation of the President of the San Jose Stake of the Church of Latter-Day Saints" ("CPSJS")—the local congregation subject of a motion to remand in *Geppert v. Church of Jesus Christ of Latter-Day Saints, Inc.*, No. 23-CV-05763-JSW, 2024 WL 495255, at *1 (N.D. Cal. Feb. 8, 2024). In that case, CPSJS was a corporate entity separate from the Church corporation with its own Articles of Incorporation that was created for the sole purpose of holding property. *Id.* at ECF No. 19-2 ¶¶ 18–19. The court observed that it was not clear from the record whether "CPSJS and the San Jose Stake are separate entities" or that Plaintiffs intentionally added CPSJS as a sham defendant. *Geppert*, 2024 WL 495255, at *3. The court determined that the defendants had failed to show fraud in plaintiff's pleading of jurisdictional facts and granted the motion to remand. Here, the Morgan Hill Stake is not a separate corporate entity with Articles of Incorporation. The Court is similarly unpersuaded that the out-of-circuit decisions Plaintiff cites warrant remand.

Case No.: 24-cv-07119-EJD
ORDER DENYING MOTION FOR REMAND
5

disaffiliated with the Church.

Accordingly, the Court respectfully concludes that *Church Mutual* does not require finding that the Morgan Hill Stake is an independent, legal entity. Instead, under *Breitman*'s guidance, the Court finds that Defendants have shown that the opposite is true; the Morgan Hill Stake is a division of the incorporated Church corporation whose citizenship should be disregarded for jurisdictional purposes.[4] Without the Morgan Hill Stake, complete diversity exists.[5]

### III. CONCLUSION

For the above reasons, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: January 30, 2025

EDWARD J. DAVILA
United States District Judge

---

[4] The Court DENIES Plaintiff's request for additional time to conduct discovery and declines to address the additional fraudulent joinder arguments presented by the parties.

[5] The Court rejects Plaintiff's argument that remand is appropriate because the Morgan Hill Stake is a forum defendant. The forum defendant rule does not apply because the Morgan Hill Stake does not have independent legal status.

Case No.: 24-cv-07119-EJD
ORDER DENYING MOTION FOR REMAND
6